FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SEP 2 9 2010
9-29-10
MAGISTRATE JUDGE MARIA VALDEZ
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **10 CR** **816** |
| | ) | |
| v. | ) | |
| | ) | Violations: Title 18, United States Code, |
| RANDY L. PACHNIK | ) | Sections 7201, 7203, 7212(a) |
| | ) | **UNDER SEAL** |

JUDGE CASTILLO

### COUNT ONE

MAGISTRATE JUDGE SCHENKIER

The SPECIAL MARCH 2010 GRAND JURY charges:

1.      At times material to this Indictment:

a.      Defendant RANDY L. PACHNIK was a podiatrist licensed by the State of Illinois.

b.      Preferred Podiatry Group ("Preferred Podiatry"), operating in Northbrook, Illinois, was a medical facility offering podiatrist services to patients. Preferred Podiatry entered into a contractual agreement with defendant RANDY L. PACHNIK whereby defendant treated patients on behalf of Preferred Podiatry, and was paid by the company a fee for each patient that he treated.

c.      Midwest Physicians Group ("Midwest Physicians"), operating in Orland Park, Illinois, was a medical facility offering podiatrist services to patients. Midwest Physicians also entered into a contractual agreement with defendant RANDY L. PACHNIK whereby defendant treated patients on behalf of Midwest Physicians, and was paid by the company a fee for each patient that he treated.

d.      Western Enterprises was an unincorporated entity operating in Maryland. Defendant RANDY L. PACHNIK directed Preferred Podiatry and Midwest Physicians to issue

1

checks payable to Western Enterprises for his podiatric services. Upon receipt and deposit of each payment, Western Enterprises issued checks to defendant RANDY L. PACHNIK for the payment amount, less ten percent which was retained by Western Enterprises. Defendant deposited checks he received from Western Enterprises into his personal bank account.

        e.      Rama Enterprises Business Trust ("Rama Enterprises") was an unincorporated entity that was wholly owned by defendant RANDY L. PACHNIK. Defendant RANDY L. PACHNIK directed Preferred Podiatry to issue checks payable to Rama Enterprises for his podiatric services. Defendant used Rama Enterprises' bank account as his own personal bank account.

        f.      The Internal Revenue Service was an agency of the United States Department of the Treasury, responsible for administering and enforcing the federal tax laws of the United States. Under these laws, individuals were required to report income to the Internal Revenue Service on federal income tax return forms. If a taxpayer failed accurately to report or pay his or her tax liability, the Internal Revenue Service could calculate, assess, and attempt to collect the correct tax liability.

        2.      During calendar year 2005, defendant RANDY L. PACHNIK had and received gross income of approximately $331,144, which included income from his activity as a podiatrist on behalf of Preferred Podiatry and Midwest Physicians.

        3.      On this gross income, defendant RANDY L. PACHNIK owed to the United States federal income tax of approximately $62,181.

        4.      Defendant was required by law, following the close of calendar year 2005 and on or before April 17, 2006, to file a federal income tax return with the Internal Revenue Service and to pay such income tax.

5.    Throughout calendar year 2005, and continuing thereafter until the date of this indictment, in the Northern District of Illinois, Eastern Division,

RANDY L. PACHNIK,

defendant herein, well knowing all of the foregoing facts, did willfully attempt to evade and defeat the federal income tax due and owing by him to the United States of America for the calendar year 2005 by committing the following affirmative acts of evasion:

a.    earning in 2005 gross income of approximately $331,144, but filing no federal income tax returns;

b.    not paying on or about April 17, 2006 federal income taxes due and owing in the amount of approximately $62,181 for calendar year 2005;

c.    directing payments for his podiatric services to be made payable to Western Enterprises and Rama Enterprises to conceal his gross income;

d.    further transferring and causing to be transferred income from Western Enterprises to his personal bank account to conceal his gross income;

e.    maintaining and utilizing a bank account held in the name of Rama Enterprises as his personal bank account to conceal his gross income;

f.    sending frivolous communications to the Internal Revenue Service challenging its ability to levy taxes and impose liens for the collection of federal income taxes due and owing by him, including:

i.    a letter sent on or about January 29, 2007, in which defendant RANDY L. PACHNIK stated that correspondences from the Internal Revenue Services to him would not be

3

acknowledged because, among other things, they did not refer to him as "The Living Soul" and did

not contain a "wet blue ink signature under penalty of perjury."

           ii.      a letter sent on or about May 29, 2008, in which defendant RANDY

L. PACHNIK stated, among other things, that the Internal Revenue Service could not prove that it

had "authority to contact a living soul," that it had "subject matter jurisdiction" over him, that it had

"first hand knowledge of any financial activity by [him] – the living soul," and that it did not have

"any documents that show when [he] became a U.S. citizen."

           g.      filing a frivolous lien for $4 million on or about August 4, 2008 against an

Internal Revenue Service officer who attempted to collect taxes due and owing by him;

      In violation of Title 26, United States Code, Section 7201.

## **COUNT TWO**

The SPECIAL MARCH 2010 GRAND JURY further charges:

1.     The allegations of paragraphs one through four of Count One of this Indictment are realleged and incorporated as though fully set forth herein.

2.     On or about April 17, 2006, in the Northern District of Illinois and elsewhere,

### RANDY L. PACHNIK,

defendant herein, was required by law, on or before April 17, 2006, to file a federal income tax return for tax year ending December 31, 2005 (Form 1040), to the Internal Revenue Service, stating, among other things, his gross income; and knowing those facts, willfully failed to file the required tax return with the Internal Revenue Service;

In violation of Title 26, United States Code, Section 7203.

## COUNT THREE

The SPECIAL MARCH 2010 GRAND JURY further charges:

1.     The allegations of paragraph one of Count One of this Indictment are realleged and incorporated as though fully set forth herein.

2.     During calendar year 2006, defendant RANDY L. PACHNIK had and received gross income of approximately $226,268 from his activity as a podiatrist on behalf of Preferred Podiatry and Midwest Physicians.  Defendant also had and received gross income of $789,201 in form of an IRA distribution that he inherited from his brother.

3.     On this gross income, defendant RANDY L. PACHNIK owed to the United States federal income tax of approximately $332,289.

4.     Defendant, was required by law, following the close of calendar year 2006 and on or before April 17, 2007, to file a federal income tax return with the Internal Revenue Service and to pay such income tax.

5.     Throughout calendar year 2006, and continuing thereafter until the date of this indictment, in the Northern District of Illinois, Eastern Division,

RANDY L. PACHNIK,

defendant herein, well knowing all of the foregoing facts, did willfully attempt to evade and defeat the federal income tax due and owing by him to the United States of America for the calendar year 2006 by committing the following affirmative acts of evasion:

a.     earning in 2006 gross income of approximately $1,015,469, but filing no federal income tax returns;

6

b.      not paying on or about April 17, 2007 federal income taxes due and owing in the amount of $332,289 for calendar year 2006;

c.      directing payments for his podiatric services to be made payable to Western Enterprises to conceal his gross income;

d.      further transferring and causing to be transferred income from Western Enterprises to his personal bank account to conceal his gross income;

e.      sending frivolous communications to the Internal Revenue Service challenging its ability to levy taxes and impose liens for the collection of taxes due and owing by him, including:

i.      a letter sent on or about January 29, 2007, in which defendant RANDY L. PACHNIK stated that correspondences from the Internal Revenue Services to him would not be acknowledged because, among other things, they did not refer to him as "The Living Soul" and did not contain a "wet blue ink signature under penalty of perjury."

ii.     a letter sent on or about May 29, 2008, in which defendant RANDY L. PACHNIK stated, among other things, that the Internal Revenue Service could not prove that it had "authority to contact a living soul," that it had "subject matter jurisdiction" over him, that it had "first hand knowledge of any financial activity by [him] – the living soul," and that it did not have "any documents that show when [he] became a U.S. citizen."

f.      filing a frivolous lien for $4 million on or about August 4, 2008 against an Internal Revenue Service officer who attempted to collect taxes due and owing by him;

In violation of Title 26, United States Code, Section 7201.

7

## **COUNT FOUR**

The SPECIAL MARCH 2010 GRAND JURY further charges:

1.      The allegations of paragraph one through four of Count Three of this Indictment are realleged and incorporated as though fully set forth herein.

2.      On or about April 17, 2007, in the Northern District of Illinois and elsewhere,

RANDY L. PACHNIK,

defendant herein, was required by law, on or before April 17, 2007, to file a federal income tax return for tax year ending December 31, 2006 (Form 1040), to the Internal Revenue Service, stating, among other things, his gross income; and knowing those facts, willfully failed to file the required tax return with the Internal Revenue Service;

In violation of Title 26, United States Code, Section 7203.

8

## COUNT FIVE

The SPECIAL MARCH 2010 GRAND JURY further charges

1.      The allegations of paragraph one of Count One of this Indictment are realleged and incorporated as though fully set forth herein.

2.      During calendar year 2007, defendant RANDY L. PACHNIK had and received gross income of approximately $203,776 from his activity as a podiatrist on behalf of Preferred Podiatry and Midwest Physicians.

3.      On this taxable income, defendant RANDY L. PACHNIK owed to the United States federal income tax of approximately $45,504.

4.      Defendant was required by law, following the close of calendar year 2007 and on or before April 15, 2008, to file an income tax return with the Internal Revenue Service and to pay such income tax.

5.      Throughout calendar year 2007, and continuing thereafter until the date of this indictment, in the Northern District of Illinois, Eastern Division,

RANDY L. PACHNIK,

defendant herein, well knowing all of the foregoing facts, did willfully attempt to evade and defeat the federal income tax due and owing by him to the United States of America for the calendar year 2007 by committing the following affirmative acts of evasion:

        a.      earning in 2007 gross income of approximately $203,776, but filing no federal income tax returns;

        b.      not paying federal income taxes due and owing in the amount of $45,504 for calendar year 2007;

9

        c.      directing payments for his podiatric services to be made payable to Western Enterprises to conceal his gross income;

        d.      further transferring and causing to be transferred income from Western Enterprises to his personal bank account to conceal his gross income;

        e.      sending frivolous communications to the Internal Revenue Service challenging its ability to levy taxes and impose liens for the collection of taxes due and owing by him, including:

        i.      a letter sent on or about January 29, 2007, in which defendant RANDY L. PACHNIK stated that correspondences from the Internal Revenue Services to him would not be acknowledged because, among other things, they did not refer to him as "The Living Soul" and did not contain a "wet blue ink signature under penalty of perjury."

        ii.      a letter sent on or about May 29, 2008, in which defendant RANDY L. PACHNIK stated, among other things, that the Internal Revenue Service could not prove that it had "authority to contact a living soul," that it had "subject matter jurisdiction" over him, that it had "first hand knowledge of any financial activity by [him] – the living soul," and that it did not have "any documents that show when [he] became a U.S. citizen."

        f.      filing a frivolous lien for $4 million on or about August 4, 2008 against an Internal Revenue Service officer who attempted to collect taxes due and owing by him;

        In violation of Title 26, United States Code, Section 7201.

## COUNT SIX

The SPECIAL MARCH 2010 GRAND JURY further charges:

1.     The allegations of paragraphs one through four of Count Five of this Indictment are realleged as though fully set forth herein.

2.     On or about April 15, 2008, in the Northern District of Illinois and elsewhere,

RANDY L. PACHNIK,

defendant herein, was required by law, on or before April 15, 2008, to file a federal income tax return for tax year ending December 31, 2007 (Form 1040), to the Internal Revenue Service, stating, among other things, his gross income; and knowing those facts, willfully failed to file the required tax return with the Internal Revenue Service;

In violation of Title 26, United States Code, Section 7203.

## COUNT SEVEN

The SPECIAL MARCH 2010 GRAND JURY further charges:

1.      The allegations of paragraph one of Count One of this Indictment are realleged and incorporated as though fully set forth herein.

2.      During calendar year 2008, defendant RANDY L. PACHNIK had and received gross income of approximately $250,770 from his activity as a podiatrist on behalf of Preferred Podiatry and Midwest Physicians.

3.      On this taxable income, defendant RANDY L. PACHNIK owed to the United States federal income tax of approximately $67,388.

4.      Defendant was required by law, following the close of calendar year 2008 and on or before April 15, 2009, to file a federal income tax return with the Internal Revenue Service and to pay such income tax.

5.      Throughout calendar year 2008, and continuing thereafter until the date of this indictment, in the Northern District of Illinois, Eastern Division,

RANDY L. PACHNIK,

defendant herein, well knowing all of the foregoing facts, did willfully attempt to evade and defeat the federal income tax due and owing by him to the United States of America for the calendar year 2008 by committing the following affirmative acts of evasion:

a.      earning in 2008 gross income of approximately $250,770, but filing no federal income tax returns;

b.      not paying federal income taxes due and owing in the amount of $67,388 for calendar year 2008;

12

        c.      directing payments for his podiatric services to be made payable to Western Enterprises and Rama Enterprises to conceal his gross income;

        d.      further transferring and causing to be transferred income from Western Enterprises to his personal bank account to conceal his gross income;

        e.      maintaining and utilizing a bank account held in the name of Rama Enterprises as his personal bank account to conceal his gross income;

        f.      sending frivolous communications to the Internal Revenue Service challenging its ability to levy taxes and impose liens for the collection of taxes due and owing by him, including:

        i.      a letter sent on or about January 29, 2007, in which defendant RANDY L. PACHNIK stated that correspondences from the Internal Revenue Services to him would not be acknowledged because, among other things, they did not refer to him as "The Living Soul" and did not contain a "wet blue ink signature under penalty of perjury."

        ii.      a letter sent on or about May 29, 2008, in which defendant RANDY L. PACHNIK stated, among other things, that the Internal Revenue Service could not prove that it had "authority to contact a living soul," that it had "subject matter jurisdiction" over him, that it had "first hand knowledge of any financial activity by [him] – the living soul," and that it did not have "any documents that show when [he] became a U.S. citizen."

        g.      filing a frivolous lien for $4 million on or about August 4, 2008 against an Internal Revenue Service officer who attempted to collect taxes due and owing by him;

        In violation of Title 26, United States Code, Section 7201.

13

## **COUNT EIGHT**

The SPECIAL MARCH 2010 GRAND JURY further charges:

1.      The allegations of paragraphs one through four of Count Seven of this Indictment are realleged and incorporated as though fully set forth herein.

2.      On or about April 15, 2009, in the Northern District of Illinois and elsewhere,

RANDY L. PACHNIK,

defendant herein, was required by law, on or before April 15, 2009, to file a federal income tax return for tax year ending December 31, 2008 (Form 1040), to the Internal Revenue Service, stating, among other things, his gross income; and knowing those facts, willfully failed to file the required tax return with the Internal Revenue Service;

In violation of Title 26, United States Code, Section 7203.

14

## COUNT NINE

The SPECIAL MARCH 2010 GRAND JURY further charges:

1.      The allegations of paragraph one of Count One of the Indictment are realleged and incorporated as if fully set forth herein.

2.      Beginning no later than in or around January 1, 2005, and continuing until in or around the date of this indictment, in the Northern District of Illinois, and elsewhere,

RANDY L. PACHNIK,

defendant herein, corruptly endeavored to impede the Internal Revenue Service in the due administration of the Internal Revenue Code, including the ascertainment of his gross and taxable income and the ascertainment and collection of federal income taxes.

3.      As part of his corrupt endeavor, defendant RANDY L. PACHNIK for tax years 2005, 2006, 2007, and 2008:

    a.      failed to pay outstanding federal income taxes that he had due and owing to the Internal Revenue Service.

    b.      used two entities, Rama Enterprises and Western Enterprises, to conceal his income and impede the Internal Revenue Service from collecting taxes.

    c.      filed a frivolous lien for $4 million on or about August 4, 2008 in the Cook County Recorder of Deeds against Individual A, an officer of the Internal Revenue Service, who was assigned to collect from defendant taxes due and owing to the Internal Revenue Service.

    d.      submitted to the Internal Revenue Service frivolous correspondence and made false statements to the Internal Revenue Service concerning his gross and taxable income, in an

15

effort to impede and impair the Internal Revenue Service's investigation of his receipt of gross income, and its assessment and collection of appropriate income taxes.

4.     As a result of defendant RANDY L. PACHNIK's corrupt endeavor, defendant prevented the Internal Revenue Service from conducting its official duties, including the correct assessment and collection of any income tax liability generated from defendant's earnings as a podiatrist;

5.     As further part of his corrupt endeavor, defendant RANDY L. PACHNIK misrepresented, hid and concealed, and caused to be misrepresented, hidden and concealed, the true nature and purpose of the corrupt endeavor, and acts done in furtherance of the corrupt endeavor.

In violation of Title 26, United States Code, Section 7212(a).

A TRUE BILL:



FOREPERSON

UNITED STATES ATTORNEY

16