*MHN*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**
1-19-2011
JAN 19 2011

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 10 CR 816 |
| vs. | ) | Judge Ruben Castillo |
| | ) | |
| RANDY L. PACHNIK | ) | |

## PLEA AGREEMENT

1.     This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant RANDY L. PACHNIK, and his attorney, LARRY BECRAFT, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below.  The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.     The indictment in this case charges defendant with tax evasion, in violation of Title 26, United States Code, Section 7201 (Counts One, Three, Five and Seven), willfully failing to file tax returns with the Internal Revenue Service, in violation of Title 26, United States Code, Section 7203 (Counts Two, Four, Six and Eight), and corruptly endeavoring to impede the Internal Revenue Service, in violation of Title 26, United States Code, Section 7212(a) (Count Nine).

3.     Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4.     Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charges to Which Defendant is Pleading Guilty

5.     By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count Three of the indictment, which charges defendant with tax evasion, in violation of Title 26, United States Code, Section 7201.

## Factual Basis

6.     Defendant will plead guilty because he is in fact guilty of the charges contained in Counts Three of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline §1B1.3:

a.     With respect to Count Three of the indictment:

Throughout calendar year 2006, and continuing thereafter until the date of the indictment, in the Northern District of Illinois, Eastern Division, defendant RANDY L. PACHNIK, willfully attempted to evade and defeat the federal income tax due and owing by him to the United States of America for the calendar year 2006.

Defendant PACHNIK was a podiatrist licensed by the State of Illinois and earned income by providing podiatrist services. Defendant provided podriatist services to patients through two medial groups during 2006 – Preferred Podiatry Group, located in Northbrook, Illinois, and Midwest Physicians Group, located in Orland Park, Illinois. In order to conceal

2

his income from the Internal Revenue Service, defendant directed these medical groups to make checks for his fees payable to two purported organizations – Western Enterprises and Rama Enterprises. Defendant PACHNIK entered into an agreement with Western Enterprises, an unincorporated entity in Maryland, for it to receive checks from these medical groups on behalf of defendant PACHNIK. Western Enterprises deposited the checks, retained 10% of the amount deposited, and issued checks payable to defendant PACHNIK for the rest, which defendant deposited into his personal checking account. In order to further conceal his income from the Internal Revenue Service, defendant PACHNIK directed Preferred Podiatry Group to issue checks to Rama Enterprises Business Trust, an unincorporated entity that was wholly owned by defendant PACHNIK. Defendant PACHNIK then used Rama Enterprises' bank account as his own personal bank account. Rama Enterprises had no purpose other than to conceal defendant PACHNIK's income from the Internal Revenue Service.

Defendant also sent frivolous communications to the Internal Revenue Service challenging its ability to levy taxes and impose liens for the collection of taxes, including (1) a letter sent on or about January 29, 2007, in which defendant RANDY L. PACHNIK stated that correspondences from the Internal Revenue Services to him would not be acknowledged because, among other things, they did not refer to him as "The Living Soul" and did not contain a "wet blue ink signature under penalty of perjury," and (2) a letter sent on or about May 29, 2008, in which defendant RANDY L. PACHNIK stated, among other things, that

3

the Internal Revenue Service could not prove that it had "authority to contact a living soul," that it had "subject matter jurisdiction" over him, that it had "first hand knowledge of any financial activity by [him] – the living soul," and that it did not have "any documents that show when [he] became a U.S. citizen." Defendant PACHNIK filed a lien with the Cook County Recorder of Deeds in the amount of $4 million on August 4, 2008 against an Internal Revenue Service officer who attempted to collect taxes due and owing by defendant PACHNIK.

During calendar year 2006, defendant PACHNIK received gross income of $1,015,469, which included $226,268 of gross income from podiatrist services and a distribution of $789,201 from an IRA account that he inherited from his brother. On this gross income, defendant PACHNIK owed to the United States federal income tax of $332,289. Defendant PACHNIK was required by law, following the close of calendar year 2006 and before on or about April 17, 2007, to file a federal tax return with the Internal Revenue Service and to pay such income tax. Defendant PACHNIK failed to file any income tax return or pay income taxes for calendar year 2005, but instead attempted to evade and defeat the payment and collection of income taxes owed by him, as discussed above.

       b.    Defendant, for purposes of computing his sentence pursuant to Guideline §2T1.1 and §1B1.3(a)(2), admits the following facts that constitute relevant conduct for the offense of conviction:

4

Defendant PACHNIK attempted to evade and defeat federal income tax due and owing by him to the United States for calendar years 2001 through 2005, 2007 and 2008. Defendant PACHNIK received gross income in these calendar years, and owed to the United States federal income tax as follows:

| Calendar Year | Gross Income | Federal Income Tax Owed |
|---|---|---|
| 2001 | $211,137 | $42,227 |
| 2002 | $148,279 | $29,656 |
| 2003 | $208,877 | $41,775 |
| 2004 | $293,619 | $58,724 |
| 2005 | $331,144 | $62,181 |
| 2007 | $203,776 | $45,504 |
| 2008 | $250,770 | $67,388 |

Defendant was required to but failed to file any federal income tax return with the Internal Revenue Service for these calendar years, and did not pay any federal income tax. In order to conceal his income during these calendar years, defendant PACHNIK directed his fees from Preferred Podiatry Group and Midwest Physician Groups to be made payable to either Western Enterprises (starting in 2004) or Rama Enterprises (starting in 2003). Defendant also sent frivolous communication to the Internal Revenue Service challenging its ability to levy taxes and impose liens for federal income taxes owed from 2001 onwards in order to evade the payment of federal income taxes. Defendant also filed a frivolous $4

5

million on an Internal Revenue Service officer on August 4, 2008 who attempted to collect taxes due and owing by defendant PACHNIK from 2001 onwards.

## Maximum Statutory Penalties

7.     Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

a.     Count Three carries a maximum sentence of 5 years' imprisonment. Count Three also carries a maximum fine of $100,000. Defendant further understands that the Court must order costs of prosecution, estimated not to exceed $500. Defendant further understands that with respect to Count Three the judge also may impose a term of supervised release of not more than three years.

b.     Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

c.     In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the count to which he has pled guilty, in addition to any other penalty or restitution imposed.

## Sentencing Guidelines Calculations

8.     Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2010 Guidelines Manual.

b. **Offense Level Calculations.**

i. The base offense level, pursuant to Guideline §2T1.1 is calculated using the total tax loss, which includes all tax loss that is part of the same course of conduct or common scheme or plan, pursuant to Guideline §1B1.3(a)(2) and §2T1.1, Application Note 2. The total tax loss for Count Three of the Indictment and the relevant conduct is $679,744. Accordingly, the base offense level, pursuant to Guideline §2T4.1(H), is 20.

ii. The offense level is increased by an additional 2 levels, pursuant to Guideline §2T1.1(b)(1), because the offense involved sophisticated means through the use of Western Enterprises and Rama Enterprises to conceal the flow of income to defendant.

iii. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including

7

by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

iv.     In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c.     **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d.     **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 19, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 30 to 37 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

8

e. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

f. Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

10. Each party is free to recommend whatever sentence it deems appropriate.

9

11.     It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above.  Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12.     Regarding restitution, defendant agrees to pay restitution, arising from the offense of conviction and relevant conduct set forth above, totaling $679,744, to the Internal Revenue Service, pursuant to Title 18, United States Code, §§ 3663(a)(3) and 3664.

13.     Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing.  Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k) he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

14.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

15.     After sentence has been imposed on the counts to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment as to defendant.

## Acknowledgments and Waivers Regarding Plea of Guilty

## Nature of Plea Agreement

16.     This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 10 CR 816.

17.     This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

18.     Defendant understands that nothing in this Plea Agreement shall limit the Internal Revenue Service (IRS) in its collection of any taxes, interest or penalties from defendant and his spouse or defendant's partnership or corporations. Defendant understands that the amount of tax as calculated by the IRS may exceed the amount of tax due as calculated for the criminal tax case.

## Waiver of Rights

19.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

11

a.  **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i.  The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.  If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.  If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

12

iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.    At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

b.    **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

13

c.      Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

## Presentence Investigation Report/Post-Sentence Supervision

20.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

21.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

14

22.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Other Terms

23.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

24.     Defendant agrees to cooperate with the Internal Revenue Service (IRS) in any tax examination or audit of defendant and his spouse and defendant's partnerships or corporations which directly or indirectly relates to or arises out of the course of conduct which defendant has acknowledged in this Plea Agreement, by transmitting to the IRS

original records or copies thereof, and any additional books and records which the IRS may request.

25.     Defendant will not object to a motion brought by the United States Attorney's Office for the entry of an order authorizing disclosure of documents, testimony and related investigative materials which may constitute grand jury material, preliminary to or in connection with any judicial proceeding, pursuant to Fed.R.Crim.P. 6(e)(3)(E)(I).   In addition, defendant will not object to the government's solicitation of consent from third parties who provided records or other materials to the grand jury pursuant to grand jury subpoenas, to turn those materials over to the Civil Division of the United States Attorney's Office, or an appropriate federal or state agency (including but not limited to the Internal Revenue Service), for use in civil or administrative proceedings or investigations, rather than returning them to the third parties for later summons or subpoena in connection with a civil or administrative proceeding involving, or investigation of, defendant and his spouse or defendant's partnerships or corporations.   Nothing in this paragraph or the preceding paragraph precludes defendant and his spouse or defendant's partnerships or corporations from asserting any legal or factual defense to taxes, interest, and penalties that may be assessed by the IRS.

### Conclusion

26.     Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

27.     Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

28.     Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

29.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

17

30.     Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: _____1/19/11_____

_____
PATRICK J. FITZGERALD
United States Attorney

_____
RANDY L. PACHNICK
Defendant

_____
SUNIL R. HARJANI
Assistant U.S. Attorney

_____
LARRY BECRAFT
Attorney for Defendant

18